FILED
MAR 29 2011
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>SUSAN J. SCHOFIELD<br>   Debtor, | BK. No. 10-209727 JKF<br><br>CHAPTER No. 13 |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2004-HE3 | Document No.<br>Hearing Date: April 20, 2011<br>Hearing Time: 09:30 AM |
|    Movant | Objection Date: March 30, 2011 |
| v.<br>SUSAN J. SCHOFIELD<br>and<br>RONDA J. WINNECOUR, ESQUIRE (TRUSTEE)<br>   Respondents. | |

## RESPONSE/OBJECTION ON MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY

And now comes the Debtor/ Respondent and makes the following Response/ Objection to motion for In Rem Relief from Automatic Stay.

Debtor is the owner of this property which is the subject of this action. Debtor requests the Court deny Movant, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2004-HE3, hereafter "HSBC Bank", relief because it appears that Movant is not the proper party Creditor and is not shown to be authorized to bring this action.

Movant filed a Proof of Claim dated March 24, 2010 in connection to this Debtor's Chapter 13 Bankruptcy at Case No. 10-209727 JKF. (attached).

In addition to challenging allegations of default and amounts due, Debtor challenges the legal standing of HSBC Bank to maintain this action.

In connection to HSBC Bank's Proof of Claim and documentation as Creditor, the following are absent.

1. The original Mortgage.

2. The original Note.

3. The Verification of any and all assignments.

4. Life of the loan pay history.

5. Any accounting of escrow impounds and disbursements.

6. Any and all SEC filings.

7. Any pooling and services agreement through date and geography parameters.

8. Any assignment and assumption agreement through date and geography parameters.

9. Any distribution reports from the "Trustee" to investors or any other source.

10. Any Certificate of Asset Backed Security.

11. This mortgage and note if assigned into the SPV (Special Purpose Vehicle) and the instrument utilized to do it.

12. The rating agency of the security sold.

13. The selling company that sold the security.

14. The investment banker that orchestrated the deal.

15. The CDO (collateralized debt obligation) manager for the investment banker.

16. The Trustee for holder of the relevant security and instrument empowering the Trustee to do anything.

17. The Mortgage aggregator (wholesaler) and any agreements attached as exhibits to SEC filings.

18. The Trustee of Pooled Assets created by mortgage aggregator and instrument empowering the Trustee to do anything.

19. Any agreements between aggregator and investment banker, SPV, CDO or Seller or Trustee attached as exhibits to any SEC filing.

20. Any SIV (Structured Investment Vehicle) utilized and its location.

21. Any custodian of the note and mortgage.

22. Any agreement with MERS and any of the above parties or any agreement regarding the assignment and transactional recording of assignment of note, mortgage obligations or security interest.

Even in its capacity as mere "trustee for the Note Holder(s)" the purported creditor cannot sue in its own name. The creditor in this pleading had failed to include and identify an indispensable party, that party being the current Holder in due Course (HDC) of the Debt Instrument (Note). The Movant's Motion is silent on this key issue. The purported original mortgage is not in the name of the alleged creditor and the Proof of Claim is from America's Servicing but HSBC filed the objection. Trustee only has HSBC in the plan and the Proof of Claim was filed by HSBC. The servicing company is getting the proceeds thru the plan. *See* attached Court notes Hearing August 3, 2010. Additionally, no document(s) have been presented that support Wells Fargo Bank, N.A. as servicer as alleged at paragraph 2 of Movant's Motion or that verifies purported Creditor as proper party with authority to bring this action.

The Proof of Claim does not exhibit any business records to confirm amounts claimed nor does it exhibit any documentation giving the purported actors the authority to make such assertions. Rather the record demonstrates deficiencies and defeats their position. The Proof of claim states at the last line as follows: " Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571."

For the Movant to obtain the judicial declaration they seek, "In Rem Relief from the Automatic Stay" they have to prove their authority and show their compliance on which the aurhority rests. Here, the Movant is not the original mortgagee.

Where a creditor files a proof of claim, a judge is entitled to ask for the proof that the purported creditor named in the document is authorized. If a Movant/ Creditor cannot make this modest showing even when requested it cannot justly proclaim that it was unfairly denied. Here we have conclusory statements not supported by documents and indeed even contradicted by them.

WHEREFORE, Debtor respectfully requests this Court DENY Relief from Automatic Stay.

Respectfully,

*Susan J. Schofield*
Susan J. Schofield/Debtor

**Hearing for August 3, 2010 at 10:00 a.m.**
10-20927F Susan Schofield      #7    Contested 3-2-10 Plan (NFC)
+Obj by: HSBC Bank

Trustee: Gregg
Gouley - Debtor

HSBC - DID NOT APPEAR

SUMMARY: DEBTOR:
Proof of Claim is from America's servicing but HSBC filed the objection with the same amount of objection that the servicing filed in the Proof of Claim in the same amount as is in the plan and the servicing co is getting the proceeds thru the plan

Trustee - Trustee is confirmable but needs higher payment

HSBC claim 2 per plan is 452.86 per plan but 508.33 in claim and arrears on claim are much different - 17,600+ per Proof of Claim and none in the plan

also small priority claim by IRS at 1-2 of 97.23

if claims govern and pay 100% to unsecureds per plan, needs 1236 per month over 36 months of 931 over 60 months

Debtor - filed amended plan on April 5 at 919

Trustee - only has HSBC in plan and the Proof of Claim was filed by HSBC

Debtor - the objection is filed by HSBC but Am Servicing gets the payments

given that Am Servicing has it at 508.33

OUTCOME - ORDER TO BE ENTERED - the plan dated March 2, 2010 is confirmed on a final basis but the plan payment is changed to be 931 per month effective Aug 2010 and the term of the plan is 60 months. Also,

claim 1-2 of the IRS governs. And claim 2 of HSBC governs as to the amount of the arrears and the monthly payment.

*Judith K. Fitzgerald* #17

FILED

AUG 04 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA